IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 08-67 T

(Senior Judge Loren A. Smith)

SCHNEIDER NATIONAL, INC., and SUBSIDIARIES,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**ANSWER**

Defendant, the United States, through its attorneys, and after the inquiry required by 28 U.S.C. § 520, hereby answers the complaint in the above-captioned case. Defendant respectfully denies each and every allegation contained therein not specifically admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits that Schneider National, Inc., and Subsidiaries, seek interest and other amounts pursuant to the Internal Revenue Code, but lacks knowledge or information sufficient to form a belief as to whether plaintiffs are entitled to any recovery.

2. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2; avers that plaintiffs' 2003 income tax return reflects P.O. Box 2545, Green Bay, Wisconsin 54306-2545 as plaintiffs' address.

3. Admits.

4. Avers that jurisdiction, to the extent it exists, would be granted through 28 U.S.C. § 1491(a)(1).

5. Admits.

6. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Admits that plaintiffs filed their 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, and 2003 tax returns in 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, respectively; admits that plaintiffs' 1995, 1996, 1997, and 2003 tax returns were each filed on a consolidated basis; states that it otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Admits.

9. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Avers that the allegations contained in paragraph 11 are legal conclusions, to which no response is required.

12. Avers that the allegations contained in paragraph 12 are legal conclusions, to which no response is required.

13. Avers that the allegations contained in paragraph 13 are legal conclusions, to which no response is required.

14. Avers that the allegations contained in paragraph 14 are legal conclusions, to which no response is required.

15. Admits.

16. Admits.

17. Admits.

18. Denies that on or about April 19, 2002, the IRS abated $2,937,281.00 of the 1994 income tax previously assessed against plaintiff; avers that this abatement occurred instead on or about April 19, 2004; admits that on or about March 29, 2004, the IRS issued a refund to plaintiff in the amount of $3,945,217.73.

19. Admits the allegations of the first sentence of paragraph 19. Avers that on or about November 9, 2000, plaintiff made a payment to the IRS in the amount of $4,423,815.71.

20. Admits.

21. Admits.

22. Admits.

23. Admits.

24. Admits.

25. Admits the allegations of the first sentence of paragraph 25. Avers that on or about March 13, 2007, plaintiff made a payment to the IRS in the amount of $513,532.53; further avers that an overpayment credit in the amount of $17,417.00 was applied to plaintiff's tax liability for 2003.

26. Avers that the allegations contained in paragraph 26 are legal conclusions, to which no response is required.

27. Avers that the allegations contained in paragraph 27 are legal conclusions, to which no response is required.

28. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 28. Avers that the allegations contained in the last sentence of paragraph 28 are legal conclusions, to which no response is required.

29. Avers that the allegations contained in paragraph 29 are legal conclusions, to which no response is required.

30. Avers that the allegations contained in paragraph 30 are legal conclusions, to which no response is required.

31. States that it lacks knowledge or information sufficient to form a belief as to the genuineness of Exhibit A and as to the truth of any factual allegations contained therein not otherwise admitted herein.

32. Admits that Exhibit A purports to show the items alleged, but states that it lacks knowledge or information sufficient to form a belief as to the truth of any factual allegations contained therein not otherwise admitted herein.

33. Repeats its responses to paragraphs 1-32.

34. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Avers that the allegations contained in paragraph 35 are legal conclusions, to which no response is required.

Wherefore, defendant requests that the complaint be dismissed, with costs assessed against plaintiff, and that judgment be entered in favor of defendant for costs allowed by law.

Respectfully submitted,

s/ Richard H. Bowles
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

NATHAN J. HOCHMAN
Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
W.C. RAPP
Senior Trial Attorney

May 30, 2008

s/ W.C. Rapp
Of Counsel