IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 08-67 T

(Senior Judge Loren A. Smith)

SCHNEIDER NATIONAL, INC., and SUBSIDIARIES,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, paragraph 4, of the Rules of the U.S. Court of Federal Claims ("RCFC") the parties submit the following Joint Preliminary Status Report:

(a) Jurisdiction. The parties have consulted with respect to the Court's jurisdiction and believe that jurisdictional defects, if any, can be cured.

(b) Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

(c) Bifurcation of trial. The parties do not anticipate that trial will be necessary.

(d) Deferral. The parties know of no reason for deferral of proceedings at this time.

(e) Remand or suspension. The parties do not believe that remand or suspension is appropriate at this time.

(f) Additional parties. The parties are unaware of any additional parties to be joined.

(g) Dispositive motions. If the parties are unable to reach a settlement, the parties believe that this case may be susceptible to resolution through a dispositive motion.

(h) Issues. The Plaintiffs filed claims for refund of tax paid with the Internal Revenue Service for the 1994 taxable year, which were allowed by the IRS. The IRS refunded the tax overpayment that had been claimed and paid interest thereon at the overpayment interest rate. The IRS subsequently assessed additional tax with respect to the Plaintiffs for the 1995, 1996, 1997 and 2003 taxable years. The Plaintiffs paid the tax that had been assessed and paid interest thereon at the underpayment rate. The statutory underpayment rate generally exceeds the statutory overpayment rate. Time periods during which overpayment interest was accruing on the 1994 refund amounts overlapped with time periods during which underpayment interest was accruing on the 1995, 1996 and 1997 assessment amounts. For such overlapping periods, applicable Internal Revenue Code provisions essentially provide that, to the extent a refund amount and an assessed amount are equal, the interest rate to be paid with respect to such amounts by the IRS and the taxpayer, respectively, are to be equal.

The Plaintiffs contend that the Defendant owes the Plaintiffs the difference between the underpayment interest and the overpayment interest for these overlapping periods. In addition, the Plaintiffs contend that the amount that is owed based on the calculation described in the previous sentence relates to a period which overlaps with the

period for which the Plaintiffs have paid underpayment interest on the 2003 assessment. Therefore, the plaintiffs contend that a correct calculation of interest for the various overlapping periods results in the government owing the plaintiffs money with respect to those overlapping periods.

The government understands the issue presented by this suit to be whether or not, when computations are performed to net underpayment and overpayment rates to zero for the periods of overlap, the government owes plaintiffs additional overpayment interest for some periods and a refund of underpayment interest for other periods.

(i) Settlement. The parties believe there is a reasonable opportunity for the parties to reach an agreed conclusion to this case. The parties do not contemplate alternative dispute resolution.

(j) Trial. The parties do not anticipate proceeding to trial.

(k) Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

(l) Other information. The parties do not believe discovery is necessary at this time but recognize that discovery may become necessary should the parties not reach a settlement.

The parties propose submitting a joint status report, on or before November 19, 2008, and again every 90 days thereafter, to apprise the Court of the progress of settlement negotiations and to recommend future proceedings.

Respectfully submitted,

Counsel for Plaintiff
July 21, 2008

s/ John A. Sikora
JOHN A. SIKORA
Weiss Berzowski Brady LLP
400 Genesse Street
Delafield, Wisconsin 53018
(v) 262-646-1528
(f) 262-646-3340

Counsel for Defendant
July 21, 2008

s/ Richard H. Bowles
RICHARD H. BOWLES
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID D. GUSTAFSON
Chief, Court of Federal Claims Section
W.C. RAPP
Senior Trial Attorney

July 21, 2008

s/ W.C. Rapp
Of Counsel